BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HAWAIIAN HOTEL ROOM RATE    )       DOCKET NO. 303
ANTITRUST LITIGATION              )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL*,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

Following a federal grand jury investigation of the
Hawaiian hotel industry, an indictment was filed in the
District of Hawaii on November 17, 1976, against a hotel
trade association and several companies engaged in the hotel
business in Hawaii.  A companion Government civil enforcement
action, naming the trade association, four of the indicted
hotel companies and three unindicted hotel companies, was
also filed.  In both actions the Government alleged that the
defendants and unnamed co-conspirators violated the federal
antitrust laws by conspiring to fix and maintain (i) hotel room
rates in Hawaii and (ii) commissions and concessions granted to
travel agents and tour operators in connection with the
booking of rooms in defendants' hotels.  The Government's
criminal action apparently was concluded on May 10, 1977,
following nolo contendere pleas by the defendants.

---

*Judge Weigel recused himself and took no part in the con-
sideration or decision of this matter.

After the Government actions were instituted, five private actions were filed in five federal districts: the District of Hawaii, the Northern District of California, the Central District of California, the Northern District of Illinois and the Eastern District of New York.  The seven hotel company defendants in the Government civil action are named as defendants in each of the five private actions.  The New York action also includes certain tour operators as defendants.  All five of the private actions are brought as class actions, and the complaint in each action tracks some or all of the allegations in the Government actions.  Plaintiffs in the Hawaii and Illinois actions charge defendants with fixing room rates.  These plaintiffs generally seek to represent all persons who since January 1, 1973, have paid $250 or more for the use of rooms at any hotel operated by the defendants in Hawaii.  Plaintiffs in each of the two California actions allege that defendants fixed travel agent commissions and concessions.  These plaintiffs generally seek to represent all persons who undertook to secure purchasers for the use of defendants' hotel rooms in Hawaii.  Plaintiffs in the New York action incorporate both the room rate and travel agent claims in their complaint, and they seek to represent all persons who since 1966 purchased a prepaid package tour of Hawaii and stayed in a hotel managed by defendants.

The seven defendants common to the five private actions move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the four actions pending in districts other than the District of Hawaii to that district for coordinated or consolidated pretrial proceedings with the private action pending there.  All parties agree on the desirability of transferring these five actions to a single district for pretrial, but plaintiffs in the five actions urge that the Central District of California, rather than the District of Hawaii, be selected as the transferee forum.  We find that the private actions involve common questions of fact and that their transfer to the District of Hawaii under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

As is often true in multidistrict antitrust litigation, the private actions raise common questions of fact concerning the existence, scope and effect of the alleged conspiracy, and therefore transfer is necessary in order to prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and streamline the rest of the pretrial proceedings as well.  See, e.g., In re Beef Industry Antitrust Litigation, 419 F. Supp. 720, 721 (J.P.M.L. 1976). Section 1407 centralization is especially important to ensure consistent treatment of the class action issues.  See In re Folding Carton Antitrust Litigation, 415 F. Supp. 384, 386 (J.P.M.L. 1976).

- 4 -

The major arguments raised by plaintiffs in favor of the Central District of California as the transferee forum are that California is the geographic center of the litigation, that the named plaintiffs and the great majority of the putative class members reside in the continental United States, and that travel to Hawaii would render the litigation more time consuming and expensive.

On balance, however, we are of the view that the District of Hawaii is the preferable transferee forum. The familiarity with this litigation that the Honorable Samuel P. King has developed as a result of presiding over the grand jury proceedings and the Government criminal and civil actions is an important factor favoring the District of Hawaii. See In re South Central States Bakery Products Antitrust Litigation, _____ F. Supp. _____, _____ (J.P.M.L., filed July 11, 1977) (slip opinion at 8); In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975). Transfer to that district also will best facilitate the coordination of the private actions with the seminal Government civil action that is still pending there. See In re Folding Carton Antitrust Litigation, supra, 415 F. Supp. at 386. In addition, the documents on which the grand jury relied in returning its indictment and which are likely to be sought by the private litigants are located in the District of Hawaii. Id. And since much of the conduct at

issue allegedly occurred in Hawaii, it is likely that other relevant documents as well as key witnesses are located there.

We note that the judicious use of liaison counsel, lead counsel and steering committees could eliminate the need for most counsel to travel to the transferee district. See Manual for Complex Litigation, Part I, §§1.90-1.93 (rev. ed. 1973). Furthermore, since the parties and witnesses ordinarily do not attend pretrial conferences or hearings, it is unlikely that any of the named plaintiffs or putative class members will ever be required to travel to the transferee forum for pretrial under Section 1407. And, under the provisions of Fed. R. Civ. P. 45 (d)(2), depositions of witnesses will probably occur in proximity to where they reside. See In re Radiation Incident at Washington, D.C. on April 5, 1974, 400 F. Supp. 1401, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, all actions listed on the following Schedule A and pending in districts other than the District of Hawaii be, and the same hereby are, transferred to the District of Hawaii and, with the consent of that court, assigned to the Honorable Samuel P. King for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## Schedule A

Docket No. 303

| CENTRAL DISTRICT OF CALIFORNIA | Civil Action No. |
|---|---|

Packer Society Hill Travel Agency,
Inc. v. ITT Sheraton Corp. of America,
et. al.                                      77-1493-MML

#### NORTHERN DISTRICT OF CALIFORNIA

Diplomat Travel Service, Inc. v.            C-77-0304-WHO
ITT Sheraton Corp. of America, et al.

#### DISTRICT OF HAWAII

Charles K. Schanker, et al. v.              77-0082
The Sheraton Corp., et al.

#### NORTHERN DISTRICT OF ILLINOIS

James S. Baer v. The Sheraton Corp.,        77-C-1313
et al.

#### EASTERN DISTRICT OF NEW YORK

Susan Berger, et al. v. Sheraton Corp.      76-C-2278
of America, et al.